EXHIBIT

**A**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| UNITED STRUCTURES OF GEORGIA, LLC, a Georgia Limited Liability Company, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION FILE NO. |
| v. | : : | _____ |
| SCHMID CONSTRUCTION, INC., a Florida Corporation, | : : : | |
| Defendant. | : | |

## COMPLAINT

COMES NOW, Plaintiff, United Structures of Georgia, LLC, a Georgia limited liability company, (hereinafter "Plaintiff") by and through the undersigned counsel, and hereby asserts this action against Defendant, Schmid Construction, Inc., a Florida corporation, (hereinafter "Defendant") for damages and in support thereof alleges as follows:

## JURISDICTION AND VENUE

1.

This is an action for damages under a certain contract for the furnishing of labor, services, or materials in relation to a certain construction project upon the real

1

property of Cornerstone Hospice Orlando, 51 West Kaley Street, Orlando, Florida 32806.

2.

The amount in controversy exceeds $75,000.00, exclusive of costs, interest, and attorneys' fees.

3.

Plaintiff is a Georgia limited liability company, with its principal place of business in Dougherty County, Georgia, and is authorized to transact business in Florida.

4.

Defendant, Schmid Construction, Inc., is a Florida corporation, with its principal place of business in Winter Garden, Florida, and is authorized to transact business in Florida.

5.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1132(c)(1) as the parties are diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6.

Venue is proper in this Court as the underlying contract contains a forum selection clause providing that all disputes are to be resolved in any court within the exclusive venue of Orange County, Florida.

**COMMON ALLEGATIONS**

7.

On or about November 17, 2021, a certain subcontract was issued, and subsequently executed on February 15, 2021, by and between Plaintiff, as 'Subcontractor' therein, and Defendant, as 'Contractor' therein. A true and correct copy of the Agreement is attached to this Complaint as Exhibit "A" and incorporated by reference.

8.

Under the written subcontract agreement (the "Agreement"), Plaintiff agreed to furnish labor, services, or materials for the installation of cold form steel truss and decking system for a certain Project identified as "21-001 Cornerstone Hospice Orlando" and located at 51 West Kaley Street, Orlando, Florida.

9.

In exchange for Plaintiff's improvements upon the property, the parties agreed to a certain sum plus additional sums for additional work as may be requested by Defendant from time to time.

3

10.

The Agreement specifically stated that blocking trusses were not included in the scope of work under the Agreement. *See* Exhibit A.

11.

After execution of the Agreement, Defendant indicated it would need blocking trusses on the project. Plaintiff provided the Change Order immediately thereafter in the amount of $51,208.00 and installed the blocking trusses.

12.

Defendant has refused to pay the Change Order price and there remains a total of $76,317.93 for the Change Order and retainage, which is due and owing to Plaintiff by Defendant.

13.

The Plaintiff, as a result of Defendant's failure to comply with the terms of the Agreement, has suffered monetary damages.

12.

Plaintiff has performed all conditions precedent to filing this action and/or any and all conditions precedent have been otherwise met or waived.

13.

Plaintiff, as a result of Defendant's refusal to honor the contractual obligations contained in the Agreement, has been forced to retain the legal services of the undersigned counsel for the purposes of prosecuting the instant matter and Plaintiff is entitled to recover attorneys' fees and costs pursuant to the Agreement.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Schmid Contractors, Inc., for damages, including, but not limited to, compensatory damages, costs, interest as allowed by law, and attorneys' fees and costs, a trial by jury of all issues triable as a matter of right by jury and such other relief as this Court deems just and proper.

## COUNT I.  BREACH OF CONTRACT

14.

Plaintiff re-alleges and re-asserts the aforesaid Common Allegations in Paragraphs 1 - 13 and incorporates them herein.

15.

Plaintiff has met and complied with all obligations required of it under the Agreement.

16.

The Defendant's refusal to pay the full amount owed to Plaintiff under the terms of the Agreement was contrary to the terms of the Agreement and/or Florida law and was a breach of said Agreement.

17.

As a direct and proximate cause of the Defendant's acts and/or omissions, Plaintiff has been damaged in the amount of $76,317.93 plus interest, costs, and attorneys' fees.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Schmid Contractors, Inc. for damages, including, but not limited to, compensatory damages, costs, interest as allowed by law, and attorneys' fees, a trial by jury of all issues triable as a matter of right by jury and such other relief as this Court deems just and proper.

## COUNT II – QUANTUM MERUIT

18.

Plaintiff re-alleges and re-asserts the aforesaid Common Allegations in Paragraphs 1 - 17 and incorporates them herein.

19.

Plaintiff furnished labor, services, or materials in relation to and for the improvements of the Property, at the request of Defendant and as provided in the

Agreement between Plaintiff and Defendant, for which Defendant promised to pay Plaintiff the reasonable value.

20.

Defendant has failed and refused to pay Plaintiff the reasonable value of the labor, services, or materials provided by Plaintiff and has thus been unjustly enriched.

21.

Plaintiff is entitled to compensation from Defendant for the labor, services, or materials provided under the doctrine of Quantum Meruit.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Schmid Contractors, Inc., for damages, including, but not limited to, compensatory damages, costs, interest as allowed by law, a trial by jury of all issues triable as a matter of right by jury and such other relief as this Court deems just and proper.

## COUNT III – UNJUST ENRICHMENT

22.

Plaintiff re-alleges and re-asserts the aforesaid Allegations in Paragraphs 1 - 21 and incorporates them herein.

23.

The Plaintiff has conferred a benefit on the Defendant by furnishing labor, services, or materials in relation to and for the improvement of the property, at the request of the Defendant.

24.

Defendant had knowledge of the labor, services, or materials in relation to and for the improvement of the property, conferred and has accepted said labor, or materials in relation to and for the improvement of the property, has failed and refused to pay Plaintiff the reasonable value of the labor, services, or materials provided by Plaintiff and has thus been unjustly enriched.

25.

The circumstances are such that it would be inequitable for the Defendant to retain the benefit without paying fair value for it.   Plaintiff is entitled to compensation from Defendant for the labor, services, or materials provided under the doctrine of Unjust Enrichment.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Schmid Contractors, Inc., for damages, including, but not limited to, compensatory damages, costs, interest as allowed by law, a trial by jury of all issues triable as a matter of right by jury and such other relief as this Court deems just and proper.

This _____ day of _____ 2026.

GARDNER WILLIS PLAIRE & WILSON
*Attorneys for Plaintiff*

By:  */s/ Smith N. Wilson*
      Smith N. Wilson
      *Special Admission Pending*
      GA Bar No. 265251
      P.O. Box 71788
      Albany, GA 31708
      229/883-2441
      Smith.wilson@gwpwlaw.com